**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**GREGORY A. WATERS,**

        Petitioner,

    v.                                                     **CIVIL ACTION No. 5:23-CV-330**
                                             Judge Bailey

**MRS. H. RAY,**

        Respondent.

## ORDER

    The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 18]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 13, 2024, wherein he recommends that the Petition be denied, the Motion to Dismiss, or in the Alternative, for Summary Judgment be granted, and the Motion to Hold/Continue Any and All Mail be denied as moot. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

    Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 18 at 2–3].

1

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. On February 15, 2024, service of the R&R was accepted at FCI Hazelton. *See* [Doc. 19]. The Court notes that petitioner had informed the Court that he anticipated he would soon be transferred to a new facility, and sought to hold his mail. [Doc. 17]. The Court further notes that according to the Bureau of Prisons' website, petitioner is now located at FCI Petersburg Medium in Hopewell, Virginia. Thus, this Court directed the Clerk to send petitioner a copy of the R&R to his new address. *See* [Doc. 20].

The R&R was delivered on March 14, 2024, to petitioner's new address.  *See* [Doc. 20-1].  Petitioner timely filed his response/objections to R&R [Doc. 22] on March 25, 2024.  Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone found (1) petitioner's claims are subject to dismissal for his failure to exhaust administrative remedies [Doc. 18 at 6–9]; (2) while petitioner is eligible to *earn* time credits under the First Step Act, he is not eligible to have them *applied* toward either his release date, transfer to earlier placement in pre-release custody, or supervised release because his score is not "low" or "minimum," and because there is no indication that he has successfully petitioned the warden for approval to apply earned time credits to prerelease custody or supervised release, or that the warden has exercised his discretion to allow petitioner to transfer to prerelease custody [id. at 9–13]; (3) petitioner's requests for Court-ordered RDAP placement and/or transfer to another facility are not proper subjects for a § 2241 petition [id. at 13–14]; and (4) petitioner's complaint of cruel and inhumane treatment is not cognizable in a § 2241 petition.

Petitioner first notes that the "papers didn't come to [him]."  *See* [Doc. 22 at 1].

Petitioner next notes how he has "already explained [his] how's why's and what [he] is looking for in return and that is the courts Judge to make a decision that can be made from Him/Her on this matter."  *See* [id. at 1–2].

Petitioner then goes on and provides his understanding of the First Step Act, states how he is "doing the Right things to be reintegrated into society to be a better man" and asserts he "brought up 3 different cases that went to courts without the administrative remedies." *See* [id. at 2–5].

Lastly, petitioner states that he "object[s] to EVERYTHING THE Government is saying. . . ." *See* [id. at 6].

First, petitioner argues he did not get the "papers." However, it is clear he received the R&R, certified mail on March 14, 2024.

Next, petitioner states he brought up 3 cases that went to courts without the administrative remedies. In the R&R, Magistrate Judge Mazzone states after a discussion and analysis of the law surrounding exhaustion of administrative remedies: "**Nonetheless, even if** petitioner's claim could survive his failure to exhaust administrative remedies, his petition is subject to dismissal." *See* [Doc. 18 at 9 (emphasis added)]. Magistrate Judge Mazzone did not conclude the R&R after determining petitioner failed to exhaust his administrative remedies. Magistrate Judge Mazzone found that **even if** petitioner's claims could survive his failure to exhaust administrative remedies, he is not eligible to have the First Step Act time credits applied toward either his release date, transfer to earlier placement in pre-release custody, or supervised release. Thus, petitioner's assertion that his case should continue because the 3 cases he cited did lacks merit because Magistrate Judge Mazzone dismissed his petition on other grounds as well.

Lastly, petitioner states that he objects to "EVERYTHING."

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." ***Green v. Rubenstein***, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." ***Williams v. New York State Div. of Parole***, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* ***Mario v. P & C Food Markets, Inc.***, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." ***Mario***, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." ***Id***.; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Petitioner does not object to any specific error made by Magistrate Judge Mazzone. As held by Magistrate Judge Mazzone, petitioner overlooks the fact that there is a clear distinction between the ability to earn time credits and the application of those credits to affect one's release date, prerelease custody or supervised release. The application of time credits to prerelease custody or supervised release is governed by 18 U.S.C. § 3624(g). Section 3624(g)(1) sets forth the criteria for eligibility:

(1) Eligible prisoners.--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who--

(A) has earned time credits under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;

(B) has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;

(C) has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and

(D)(i) in the case of a prisoner being placed in prerelease custody, the prisoner—

(I) has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or

(II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that—

(aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

6

(bb) the prisoner has made a good faith effort to lower

their recidivism risk through participation in recidivism

reduction programs or productive activities; and

(cc) the prisoner is unlikely to recidivate; or

(ii) in the case of a prisoner being placed in supervised release, the

prisoner has been determined under the System to be a minimum or

low risk to recidivate pursuant to the last reassessment of the

prisoner.

18 U.S.C. § 3632(g)(1). A prisoner, therefore, may be eligible under 18 U.S.C. § 3632(d)

to earn and receive time credits but not be eligible to have those credits applied under 18

U.S.C. § 3624(g).

The statute does, however, contain a safety valve provision for inmates who cannot

meet this recidivism threshold, and which provides that the warden may exercise discretion

to apply a prisoner's earned credits toward prerelease custody or supervised release, upon

determining that the prisoner (1) "would not be a danger to society if transferred to

prerelease custody or supervised release," (2) "has made a good faith effort to lower their

recidivism risk through participation in recidivism reduction programs or productive

activities;" and (3) "is unlikely to recidivate." 18 U.S.C. § 3624(g)(1)(D)(i)(II)(aa-cc); 28

C.F.R. § 523.44(c)(2). This type of request is initiated by submitting a BP-A0148, Inmate

Request to Staff, during his or her regularly scheduled Program Review. BOP PS 5410.01:

First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. §

3632(d)(4), dated November 18, 2022, at Section 10, p.16.

Thus, a prisoner wishing to have earned time credits applied toward placement in

7

prerelease custody or supervised release under the First Step Act must either: (1) be determined to be a MINIMUM or LOW risk of recidivism for the last two reassessments, or (2) have successfully petitioned the warden for approval. 18 U.S.C. § 3624(g).

Regardless of what petitioner has completed or how many "right things" he has done, the petitioner's risk score is medium, and it has remained a medium over the past four times that he has been assessed between December 2022 and October 2023. [Docs. 12-6; 12-8].  Because petitioner's score is not "low" or "minimum," and because there is no indication that he has successfully petitioned the warden for approval to apply earned time credits to prerelease custody or supervised release, or that the warden has exercised his discretion to allow petitioner to transfer to prerelease custody, it thus plainly appears on the Petition that he has failed to state a claim.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation [**Doc. 18**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Petitioner's response/objections [**Doc. 22**] are **OVERRULED**.   The Motion to Dismiss, or in the Alternative, for Summary Judgment [**Doc. 12**] is **GRANTED** and the Petition [**Doc. 1**] is **DENIED and DISMISSED WITHOUT PREJUDICE**. The Motion to Hold/Continue Any and All Mail [**Doc. 17**] is **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March 26, 2024.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**

9