IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**GREGORY A. WATERS,**

    Petitioner,

v.                                                                        **CIV. ACT. NO. 5:23-CV-330**
                                                                               Judge Bailey

**MRS. H. RAY,**

    Respondent.

# ORDER

The above-styled matter came before this Court for re-consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 18][1]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on February 13, 2024, wherein he recommends that this matter be dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND/PROCEDURAL HISTORY[2] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] The Court notes that the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 18] was previously adopted by this Court. *See* [Doc. 23]. After petitioner represented that he never received the Report and Recommendation [Doc. 27], this Court directed the Clerk to re-open this matter. *See* [Doc. 28].

[2] The Court fully incorporates herein the sections entitled "Introduction" and "Background" from the R&R.

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Pursuant to this Court's Order [Doc. 31] entered April 22, 2024, objections to Magistrate Judge Mazzone's R&R were due by May 22, 2024. Petitioner filed a Motion for Leave to Exceed Page Limit Pursuant to LR PL P 12 [Doc. 33] on June 10, 2024, and petitioner's Objections were attached to this filing [Doc. 33-1]. Upon the granting of petitioner's Motion [Doc. 33], the Court directed the Clerk to file petitioner's Objections to this docket. *See* [Doc. 34]. For purposes of this Order, petitioner's Objections [Doc. 35] will be considered timely filed. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone recommends this matter be dismissed with prejudice. Specifically, Magistrate Judge Mazzone cites: (1) petitioner's failure to exhaust administrative remedies; (2) petitioner's lack of eligibility for the application of time credits toward (a) his release date, (b) transfer to earlier placement in pre-release custody, or (c) supervised release; (3) the improper nature of petitioner's requests for Court-ordered Residential Drug Abuse Program ("RDAP") placement and/or transfer to another facility within his § 2241 petition; and (4) the incognizable nature of petitioner's complaint of cruel and inhumane treatment as grounds for his recommendation that this matter be dismissed. See [Doc. 18 at 6–16].

Petitioner objects to the determination that he has failed to exhaust his administrative remedies. See [Doc. 35 at 1]. Specifically, petitioner discusses an investigation into FCC Hazelton initiated by United States Senators Richard J. Durbin, Charles E. Grassley, Joe Manchin III and Shelley Moore Capito, and petitioner contends "[t]he Senate investigation into the alleged corruption at FCC Hazelton is prima facie evidence that any attempt at exhaustion would be futile." [Id. at 1–2]. Petitioner includes a letter issued by the aforementioned United States Senators dated September 12, 2023, in which there is a discussion regarding prisoner grievances at FCC Hazelton. [Id. at 12–14]. The letter states "[t]here are online reports stating that 'if . . . [incarcerated persons] file grievances against staff, they make sure you understand who has the upper hand,'" and "[a]dditional reports by inmates have stated that '[w]hen . . . my mail was so badly copied it wasn't legible I filed [grievances] on them. But the staff just threw [the forms] away." [Id. at 13].

Petitioner additionally objects to Magistrate Judge Mazzone's determination that petitioner is ineligible for earned time credits under the First Step Act to be applied to his release date, transfer to earlier placement in pre-release custody, or supervised release. *See* [Doc. 35 at 2]. Petitioner does not specify grounds for this objection, and instead discusses respondent's arguments presented in respondent's Memorandum in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 12-1]. [Id. at 2–8].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.2d 723, 730 (S.D. W.Va. 2009) (Johnston, J.) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

4

While petitioner discusses an investigation into FCC Hazelton and argues the investigation is "prima facie evidence that any attempt at exhaustion would be futile," petitioner fails to address the procedural deficiencies of his own grievances. As discussed in the R&R, a grievance is subject to a four-step administrative process, and petitioner's grievances were non-compliant with this process. *See* [Doc. 18 at 7–8]. The process involves submission of an informal request to the prison staff, followed by a written complaint submitted to the warden, an appeal to the Regional Director, and then a final appeal to the Office of General Counsel. [Id. at 7]. While the letter provided by petitioner may illustrate issues with the grievance process as it pertains to FCC Hazelton, the letter does not present arguments that support the notion that the administrative process is "futile," or has the potential to be "futile," at either the third or fourth stage of the process. Further, petitioner has yet to demonstrate he satisfied the fourth stage of the process with respect to each of his own grievances. Accordingly, the Court rejects petitioner's objections to the Magistrate's findings as to the exhaustion, or lack thereof, of petitioner's administrative remedies.

Further, petitioner does not address the Magistrate's findings regarding the inability of petitioner to have earned time credits applied to either his release date, transfer to earlier placement in pre-release custody, or supervised release; instead, petitioner merely discusses arguments raised by respondent in her Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [Doc. 12]. As Petitioner fails to identify specific errors made by Magistrate Judge Mazzone, *de novo* review is unnecessary as to this point. *See* **Green**, 644 F.Supp.2d at 730 (citing **Orpiano**, 687 F.2d at 47 (4th Cir. 1982)).

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Further, the Court finds no clear error with respect to any portion of the R&R not objected to by petitioner. Accordingly, the magistrate judge's report and recommendation [**Doc. 18**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's objections [**Doc. 35**] are **OVERRULED**. This matter is hereby **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to **STRIKE** this matter from the active docket of this Court and to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: June 18, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE